## Brugh v. Erie Indemnity Co. (No. 2)

*Leland W. Walker*, for plaintiff.

*Fike & Cascio*, for defendant.

LANSBERRY, P. J., May 11, 1953.—On June 21, 1952, we entered an order overruling the preliminary objection directed to the merits of the controversy: 85 D. & C. 321. Our reason therefor at the time was that section 8 of the policy of insurance on which the action of assumpsit was founded was ambiguous. Thereafter, petition for a reargument was presented and granted and the matter fully reargued. After considerable delay, written briefs were submitted by counsel.

Since the reargument and presentation of briefs, we have made an extensive examination of the cases and find no ruling precisely in point. Upon inquiry we are satisfied that section 8 of this policy is not in general use among insurance companies.

Upon reconsideration and careful analysis of the whole question we are now satisfied the preliminary objection should have been sustained for the reason

that the extension of coverage as provided for in section 8 of the policy refers to and covers other cars used by the insured or his spouse which either or both may have in his custody but does not include or extend to another car owned by the insured, his spouse or both of them. The facts established by these pleadings bring this matter within exclusion (b) of section 8 setting up the extended coverage.

Accordingly, we enter the following

### Order

Now, May 11, 1953, the preliminary objections heretofore filed having come on for reargument and further consideration, the order entered June 21, 1952, is amended as to the overruling of the second preliminary objection and it is now ordered, adjudged and decreed that the second preliminary objection be sustained, and the costs of this litigation be assessed against plaintiff.